**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| ERIC CERVINI, WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE STAPP and RICHARD and RACHEL ROES,<br><br>Defendants. | Civil Action No. 1:21-cv-00568-RP<br><br>Hon. Robert Pitman |

**NOTICE OF UNOPPOSED INTENTION TO FILE PLAINTIFFS' FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO AMEND**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs Eric Cervini, Wendy Davis, David Gins, and Timothy Holloway (together, "Plaintiffs") respectfully request that their First Amended Complaint (the "Amended Complaint"), enclosed as Exhibit A, be entered in this case as a matter of right. On October 29, 2021, counsel for Defendant Chase Stapp provided written notice to Plaintiffs that he consents under Federal Rule of Civil Procedure 15(a)(2) to Plaintiffs' filing of the Amended Complaint. Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave.").

In the alternative, pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs respectfully request leave to amend their complaint. Following discovery as to the identities of certain unnamed law enforcement officials from the City of San Marcos (the "Roe Defendants") and their roles in the conduct at issue in this action, Plaintiffs seek to name those Defendants and

add allegations concerning their individual conduct. Accordingly, Plaintiffs now seek the Court's leave to file their Amended Complaint.

**BACKGROUND**

On October 30, 2020, Plaintiffs Eric Cervini, Wendy Davis, David Gins, and Timothy Holloway—respectively, a volunteer, surrogate, staffer, and contractor for the Biden-Harris Campaign—were attacked by actors of a politically-motivated conspiracy to disrupt the campaign and intimidate its supporters. Defendants are San Marcos Director of Public Safety Chase Stapp and hitherto unnamed law enforcement officials from the City of San Marcos Police Department who refused to take reasonable steps to prevent or respond to planned acts of violent political intimidation, including sending a police escort when repeatedly begged to. As a result of the events of October 30, which escalated in San Marcos without the presence of a police escort, Plaintiffs suffer ongoing psychological and emotional injury, along with other tangible harms.

On June 24, 2021, Plaintiffs filed their Complaint for violation of Section 6 of the Ku Klux Klan Act ("Klan Act" or the "Act"), now codified at 42 U.S.C. § 1986, which requires all Americans—including law enforcement—to protect innocent parties from conspiracies to intimidate or injure them based on their support for federal candidates, and imposes liability for failure to do so.[1] In light of the one-year statute of limitations for claims brought under the relevant

[1] Section 6 of the Act provides, in relevant part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action . . . .

42 U.S.C. § 1986. As members of the House (including the sponsor of the Klan Act and the principal framer of the 14th Amendment to the U.S. Constitution) explained during Section 6's consideration:

statutory provision, *see* 42 U.S.C. § 1986, Plaintiffs moved on July 20, 2021, for expedited discovery to uncover the identities of the Roe Defendants, endeavoring to name them in an amended complaint by October 30, 2021. Defendant Stapp answered on July 26, allowing the parties to hold a Rule 26(f) conference on August 2, thereby opening the discovery period. Accordingly, Plaintiffs withdrew their expedited discovery motion the next day.

The parties have since diligently and collaboratively engaged in discovery as to the identities, job responsibilities, and conduct of the Roe Defendants in light of the one-year statute of limitations. Plaintiffs served discovery requests upon Defendant Stapp and certain third parties involved with the incident at issue in this action between August 5 and October 21, and the parties exchanged initial disclosures on September 3. Defendant Stapp and the third parties (represented by the same lawyer) responded between September 3 and October 22, providing documents and interrogatory responses. Defendant Stapp's most recent interrogatory response, which Plaintiffs received on October 22, lists each individual involved in the City of San Marcos Police Department's response to the incident, describes the specific actions each of them took, and provides information on how those actions relate to each individual's job responsibilities.

On October 28, 2021, Plaintiffs' counsel emailed Defendant Stapp's counsel seeking written consent to amend their complaint. On October 29, Defendants' counsel informed Plaintiffs' counsel in writing that Defendant Stapp consented to Plaintiffs' amendment of their Complaint.

---

> Mr. Willard: I understand that under the provisions of [Section 6 of the Klan Act, 42 U.S.C. § 1986], if an individual receives the notice we frequently read of being sent to these Union men that he must leave the district or be killed or whipped . . . if he should go to the sheriff of the county or to his neighbors and give information of that, and ask them to protect him, they would be liable.
>
> Mr. Shellabarger: They would be liable.
>
> Mr. Bingham: So they ought to be.

42 Cong. Globe, 42d Cong., 1st Sess. 805 (1871).

The Amended Complaint names two additional San Marcos police officers, as well as the City of San Marcos, alleging, in light of newly discovered evidence, that each of them bears responsibility under 42 U.S.C. § 1986 for failure to respond reasonably to Plaintiffs' calls for help.

## LEGAL STANDARDS

Between the deadline for amending as a matter of course and trial, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Although determining "whether leave to amend should be granted is entrusted to the sound discretion of the district court," *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (cleaned up), "Rule 15(a) evinces a bias in favor of granting leave to amend," *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019) (cleaned up). Thus, "[t]he district court must have a substantial reason to deny a request for leave to amend." *Lyn-Lea*, 283 F.3d at 286 (cleaned up). "Permissible reasons for denying a motion for leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, futility of amendment, etc." *Life Partners Holdings*, 926 F.3d at 125.

## ARGUMENT

On October 29, 2021, counsel for Defendant Chase Stapp provided written notice to Plaintiffs that he consents under Federal Rule of Civil Procedure 15(a)(2) to Plaintiffs' filing of the Amended Complaint. Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave."). Because Plaintiffs file their Amended Complaint with the opposing party's written consent, Plaintiffs are free to file their Amended Complaint as a matter of right.

In the alternative, if leave of the Court is required, the Court should grant Plaintiffs leave to file their Amended Complaint because "justice so requires." Fed. R. Civ. P. 15(a)(2). Since filing their complaint on June 24, 2021, Plaintiffs have diligently engaged in discovery to identify the Roe Defendants and name them in the Amended Complaint. In light of the statute of limitations, Plaintiffs moved for expedited discovery within a month of filing their complaint, seeking information identifying the individuals involved as well as the actions they took and the duties they bore under their particular job descriptions. The parties held a Rule 26(f) conference one week after Defendant Stapp filed his answer, and Plaintiffs served their first discovery requests three days later. The parties have conducted discovery in earnest since then. Defendant Stapp's most recent discovery response, dated October 22, contains new material information concerning each individual involved in the City's response to the incident and the role they played in light of their job responsibilities—thus shedding light on the City of San Marcos's liability as well as the individual defendants. In light of the new information just recently gained in discovery, Plaintiffs filed their request for leave to file the Amended Complaint only one week later in order to name additional Defendants before the end of the relevant limitations period.[2]

The Court has no "substantial reason to deny . . . leave to amend." *Lyn-Lea*, 283 F.3d at 286. In particular, the "[p]ermissible reasons" enumerated by the Fifth Circuit, *e.g.*, *Life Partners Holdings*, 926 F.3d at 125, are absent, as is any other substantial reason. In particular:

[2] The limitations period is tolled during the pendency of a motion for leave to amend the complaint. *See Newby v. Enron Corp.*, 542 F.3d 463, 469 (5th Cir. 2008) ("As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion.") (citing *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993)).

*Defendants are unopposed to the motion.* As explained above, on October 29, Defendants' counsel provided Plaintiffs with written notice that Defendants consent to Plaintiffs' filing their Amended Complaint.

*There is no undue delay*. Plaintiffs could not have amended their Complaint during the period for amending as a matter of course, which ended on August 16 (twenty-one days after Defendant Stapp answered). Plaintiffs received the first piece of information regarding the Roe Defendants' identity on September 3, and continued to receive information about the role each one played until October 22. Plaintiffs have exercised all diligence and filed their Amended Complaint a week later.

*There is no bad faith or dilatory motive, nor would Defendants face undue prejudice.* Since moving for expedited discovery on July 20, Plaintiffs have been transparent to Defendants and the Court about their intentions to amend and name the Roe Defendants by October 30. Each new Defendant in the Amended Complaint was represented by Defendant Stapp's counsel for the purpose of non-party discovery during this period, and has already been served with and responded to a subpoena from Plaintiffs.

*Plaintiffs have not failed to cure deficiencies by amendments previously allowed*. This is Plaintiffs' first time seeking to amend.

*Amendment is not futile*. Defendant Stapp has already answered Plaintiffs' original Complaint. In addition to naming the Roe Defendants, the Amended Complaint simply adds more detailed allegations showing liability based on the information Plaintiffs have recently learned in discovery.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that their First Amended Complaint, enclosed as Exhibit A, be entered in this case, or in the alternative, respectfully request leave to file their Amended Complaint. A proposed order is attached.

Respectfully Submitted,

DATED: October 29, 2021

By: */s/ Emma Hilbert*

**TEXAS CIVIL RIGHTS PROJECT**
Mimi Marziani (TX Bar No. 24091906)
Emma Hilbert (TX Bar No. 24107808)
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741
Telephone: (512) 474-5073
Facsimile: (512) 474-0726
Email: mimi@texascivilrightsproject.org
emma@texascivilrightsproject.org

**THE PROTECT DEMOCRACY PROJECT, INC.**
John Paredes (NY Bar No. 5225412) (*pro hac vice*)
The Protect Democracy Project, Inc.
115 Broadway, 5th Floor
New York, NY 10006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
john.paredes@protectdemocracy.org

Cameron O. Kistler (DC Bar No. 1008922) (*pro hac vice*)
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
cameron.kistler@protectdemocracy.org

Benjamin L. Berwick (MA Bar No. 679207)
(*pro hac vice*)
The Protect Democracy Project, Inc.
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
ben.berwick@protectdemocracy.org

Jared Fletcher Davidson (LA Bar No. 37093)
(*pro hac vice*)
The Protect Democracy Project, Inc.
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
jared.davidson@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael Gottlieb (DC Bar No. 974960) (*pro hac vice*)
Robert Meyer (DC Bar No. 405632) (*pro hac vice*)
Samuel Hall (DC Bar No. 242110) (*pro hac vice*)
Meryl Conant Governski (DC Bar No. 1023549) (*pro hac vice*)
JoAnna Suriani (DC Bar No. 1645212) (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006-1238
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
Email: mgottlieb@willkie.com
shall@willkie.com
mgovernski@willkie.com
jsuriani@willkie.com

Madeleine Tayer (NY Bar No. 5683545)
(*pro hac vice*)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000

Facsimile: (212) 728-8111
Email: mtayer@willkie.com

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2021, a true and correct copy of the foregoing has been served on all counsel of record through the Electronic Case File System of the Western District of Texas, in compliance with the Federal Rules of Civil Procedure.

/s/ *Emma Hilbert*
Emma Hilbert

**CERTIFICATE OF CONFERENCE**

I certify that on October 29, 2021, counsel for Defendant Chase Stapp provided written notice to Plaintiffs that he consents under Federal Rule of Civil Procedure 15(a)(2) to Plaintiffs′ filing of the Amended Complaint.

/s/ *Emma Hilbert*
Emma Hilbert