## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **ERIC CERVINI, WENDY DAVIS, DAVID GINS, AND TIMOTHY HOLLOWAY** <br> **Plaintiffs,** | § <br> § <br> § <br> § | |
| **vs.** | § <br> § | **CIVIL ACTION NO. 1:21-CV-00568-RP** |
| **CHASE STAPP, BRANDON WINKENWERDER, MATTHEW DAENZER, AND CITY OF SAN MARCOS** <br> **Defendants.** | § <br> § <br> § <br> § <br> § | |

## DEFENDANTS' ANSWER
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW, Defendants CHASE STAPP, BRANDON WINKENWERDER, MATTHEW DAENZER, AND CITY OF SAN MARCOS and file this Answer and Defenses to Plaintiffs' First Amended Complaint pursuant to the Federal Rules of Civil Procedure and would respectfully show this Court as follows:

### A.
### DEFENDANTS' ANSWER

1.      Defendants deny Plaintiffs' allegations of material fact contained in Paragraph 1 of Plaintiffs' First Amended Complaint with respect to the conduct of the City of San Marcos. He is without knowledge or information sufficient to form a belief about the remainder of Plaintiffs' allegations of material fact contained in this Paragraph.

2.      Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 2 of Plaintiffs' First Amended Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 3 of Plaintiffs' First Amended

Complaint other than to deny the allegations as related to the time Plaintiffs were in the City of San Marcos.

4.      Defendants deny Plaintiffs' allegations of material fact contained in Paragraph 4 of Plaintiffs' First Amended Complaint, other than to admit that there was some lightheartedness by City employees in their private communications, but none that impacted the City's response to the incident.

5.      Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 5 of Plaintiffs' First Amended Complaint with respect to Plaintiffs' alleged intent, other than to deny the allegations related Defendants.

6.      Defendants admit they had limited advance knowledge of the Biden-Harris Campaign's intent to make a stop in San Marcos and that Trump supporters were also in route. They deny the remainder of the allegations of material fact contained in Paragraph 6 of Plaintiffs' First Amended Complaint.

7.      Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 7 of Plaintiffs' First Amended Complaint

8.      Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 8 of Plaintiffs' First Amended Complaint

9.      Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 9 of Plaintiffs' First Amended Complaint

10.     Defendants admit Defendant Stapp received a call about the planned campaign stop and did not pre-arrange a police "escort." Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact regarding how other jurisdictions responded to the campaign bus. Defendants deny the remainder of Plaintiffs' allegations of material fact contained in Paragraph 10 of Plaintiffs' First Amended Complaint.

11.     Defendants deny that Plaintiffs' allegations of material fact contained in Paragraph 11 of Plaintiffs' First Amended Complaint fully, accurately and completely reflect the information contained in the calls received by the City of San Marcos and would refer to the recordings for precisely what was represented and by whom. These Defendants are without knowledge or information sufficient to form a belief about the allegations made by the callers to other jurisdictions.

12.     Defendants deny Plaintiffs' allegations of material fact contained in Paragraph 12 of Plaintiffs' First Amended Complaint, other than to admit that a dispatcher from the City of New Braunfels spoke with a dispatcher from the City of San Marcos as the bus was about to enter the San Marcos city limits.

13.     Defendants admit that they did not provide bus "escort" and deny the remainder of Plaintiffs' allegations of material fact contained in Paragraph 13 of Plaintiffs' First Amended Complaint.

14.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 14 of Plaintiffs' First Amended Complaint.

15.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 15 of Plaintiffs' First Amended

Complaint other than to admit that a collision occurred and that video of the same would provide the best evidence of what occurred.

16.     Defendants admit that a campaign event was cancelled. They are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact related to their intent or rationale for the same, as contained in Paragraph 16 of Plaintiffs' First Amended Complaint, other than to deny that these Defendants are responsible for and this Paragraph's characterization of the same.

17.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 17 of Plaintiffs' First Amended Complaint.

18.     There are no allegations of material fact in Paragraph 18 of Plaintiffs' First Amended Complaint, only legal conclusions, to which no response is required. To the extent a response is deemed required, this Paragraph is denied as an incomplete representation of the law and to respond to the same is beyond the scope of an original answer and these Defendants deny violation of this provision.

19.     Defendants deny Plaintiffs' allegations of material fact contained in Paragraph 19 of Plaintiffs' First Amended Complaint.

20.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 20 of Plaintiffs' First Amended Complaint.

21.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 21 of Plaintiffs' First Amended Complaint.

22.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 22 of Plaintiffs' First Amended Complaint.

23.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 23 of Plaintiffs' First Amended Complaint.

24.     Defendants admit the allegations of material fact contained in the first two sentences of Paragraph 24 of Plaintiffs' Complaint and admit Defendant Stapp received two phone calls about the campaign stop in San Marcos at issue. Defendants deny the remainder of the allegations of material fact contained in this Paragraph.

25.     Defendants admit the allegations of material fact contained in Paragraph 25 of Plaintiffs' First Amended Complaint, but deny they are liable to Plaintiffs.

26.     Defendants admit the allegations of material fact contained in Paragraph 26 of Plaintiffs' First Amended Complaint, but deny they are liable to Plaintiffs.

27.     Defendants admit the allegations of material fact contained in Paragraph 27 of Plaintiffs' First Amended Complaint, other than to deny knowledge of an alleged conspiracy or engagement in actionable conduct.

28.     Defendants admit this Court has subject matter jurisdiction, as alleged in Paragraph 28 of Plaintiffs' First Amended Complaint.

29.     Defendants admit this Court has personal jurisdiction, but deny the allegations of material fact contained in Paragraph 29 of Plaintiffs' First Amended Complaint

30.     Defendants admit that the Western District—Austin Division is the proper venue for this matter, as alleged in Paragraph 30 of Plaintiffs' First Amended Complaint.

31.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 31 of Plaintiffs' First Amended Complaint.

32.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 32 of Plaintiffs' First Amended Complaint.

33.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 33 of Plaintiffs' First Amended Complaint.

34.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 34 of Plaintiffs' First Amended Complaint.

35.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 35 of Plaintiffs' First Amended Complaint.

36.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 36 of Plaintiffs' First Amended Complaint.

37.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 37 of Plaintiffs' First Amended Complaint.

38.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 38 of Plaintiffs' First Amended Complaint.

39.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 39 of Plaintiffs' First Amended Complaint.

40.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 40 of Plaintiffs' First Amended Complaint.

41.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 41 of Plaintiffs' First Amended Complaint.

42.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 42 of Plaintiffs' First Amended Complaint.

43.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 43 of Plaintiffs' First Amended Complaint.

44.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 44 of Plaintiffs' First Amended Complaint.

45.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 45 of Plaintiffs' First Amended Complaint.

46.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 46 of Plaintiffs' First Amended Complaint.

47.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 47 of Plaintiffs' First Amended Complaint.

48.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 48 of Plaintiffs' First Amended Complaint.

49.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 49 of Plaintiffs' First Amended Complaint.

50.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 50 of Plaintiffs' First Amended Complaint.

51.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 51 of Plaintiffs' First Amended Complaint.

52.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 52 of Plaintiffs' First Amended Complaint.

53.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 53 of Plaintiffs' First Amended Complaint.

54.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 54 of Plaintiffs' First Amended Complaint.

55.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 55 of Plaintiffs' First Amended Complaint.

56.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 56 of Plaintiffs' First Amended Complaint.

57.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 57 of Plaintiffs' First Amended Complaint.

58.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 58 of Plaintiffs' First Amended Complaint.

59.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 59 of Plaintiffs' First Amended Complaint.

60.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 60 of Plaintiffs' First Amended Complaint.

61.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 61 of Plaintiffs' First Amended Complaint.

62.     Defendants admit Defendant Stapp spoke with someone on October 29 about providing law enforcement at an event the following day in San Marcos. They deny the remainder of allegations of material fact contained in Paragraph 62 of Plaintiffs' First Amended Complaint.

63.     Defendants admit the allegations of material fact contained in Paragraph 63 of Plaintiffs' First Amended Complaint.

64.     Defendants deny the allegations of material fact contained in Paragraph 64 of Plaintiffs' First Amended Complaint, other than to admit they did not contact Hays County Sheriff's Office about the event.

65.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 65 of Plaintiffs' First Amended Complaint.

66.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 66 of Plaintiffs' First Amended Complaint.

67.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 67 of Plaintiffs' First Amended Complaint.

68.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 68 of Plaintiffs' First Amended Complaint.

69.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 69 of Plaintiffs' First Amended Complaint.

70.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 70 of Plaintiffs' First Amended Complaint.

71.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 71 of Plaintiffs' First Amended Complaint.

72.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 72 of Plaintiffs' First Amended Complaint.

73.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 73 of Plaintiffs' First Amended Complaint.

74.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 74 of Plaintiffs' First Amended Complaint.

75.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 75 of Plaintiffs' First Amended Complaint.

76.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 76 of Plaintiffs' First Amended Complaint.

77.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 77 of Plaintiffs' First Amended Complaint.

78.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 78 of Plaintiffs' First Amended Complaint.

79.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 79 of Plaintiffs' First Amended Complaint.

80.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 80 of Plaintiffs' First Amended Complaint.

81.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 81 of Plaintiffs' First Amended Complaint.

82.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 82 of Plaintiffs' First Amended Complaint.

83.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 83 of Plaintiffs' First Amended Complaint.

84.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 84 of Plaintiffs' First Amended Complaint.

85.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 85 of Plaintiffs' First Amended Complaint.

86.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 86 of Plaintiffs' First Amended Complaint.

87.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 87 of Plaintiffs' First Amended Complaint.

88.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 88 of Plaintiffs' First Amended Complaint.

89.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 89 of Plaintiffs' First Amended Complaint.

90.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 90 of Plaintiffs' First Amended Complaint.

91.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 91 of Plaintiffs' First Amended Complaint.

92.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 92 of Plaintiffs' First Amended Complaint.

93.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 93 of Plaintiffs' First Amended Complaint.

94.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 94 of Plaintiffs' First Amended Complaint.

95.     Defendants admit the second sentence and deny Plaintiffs' allegations of material fact contained in the first sentence of Paragraph 95 of Plaintiffs' First Amended Complaint, other than to admit that Defendants did receive some information about the Trump Train as the bus was about to enter the City of San Marcos city limit.

96.     Defendants admit Defendant Stapp received a call shortly before the scheduled event indicating Trump supporters were following the bus, but deny the remainder of the allegations of material fact contained in Paragraph 96 of Plaintiffs' First Amended Complaint.

97.     Defendants admit Plaintiffs' allegations of material fact contained in Paragraph 97 of Plaintiffs' First Amended Complaint, but deny and object to the characterization of this action as "simply."

98.     Defendants admit Plaintiffs' allegations of material fact contained in Paragraph 98 of Plaintiffs' First Amended Complaint, but deny and object to the characterization of this action as "only."

99.     Defendants admit Plaintiffs' allegations of material fact contained Paragraph 99 of Plaintiffs' First Amended Complaint.

100.    Defendants admit the allegations of material fact contained in the first sentence of Paragraph 100 of Plaintiffs' First Amended Complaint and are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in the second sentence. The remainder of the paragraph is an alleged transcription of an oral conversation and the recording is more accurate and speaks for itself; there are no allegations of material fact that need to be admitted or denied.

101.    Paragraph 101 of Plaintiffs' First Amended Complaint is an alleged transcription of an oral conversation and the recording is more accurate and speaks for itself; there are no allegations of material fact that need to be admitted or denied.

102.    Paragraph 102 of Plaintiffs' First Amended Complaint is an alleged transcription of an oral conversation and the recording is more accurate and speaks for itself; there are no allegations of material fact that need to be admitted or denied.

103.    Paragraph 103 of Plaintiffs' First Amended Complaint is an alleged transcription of an oral conversation and the recording is more accurate and speaks for itself; there are no allegations of material fact that need to be admitted or denied.

104.    Defendants admit Plaintiffs' allegations of material fact contained in Paragraph 104 of Plaintiffs' First Amended Complaint.

105.    Paragraph 105 of Plaintiffs' First Amended Complaint is an alleged transcription of an oral conversation and the recording is more accurate and speaks for itself; there are no allegations of material fact that need to be admitted or denied.

106.    Defendants admit Plaintiffs' allegations of material fact contained in Paragraph 106 of Plaintiffs' First Amended Complaint other than being without knowledge or information sufficient to form a belief about the "in time to assist" portion of this paragraph.

107.    Defendants admit Plaintiffs' allegations of material fact contained in the Paragraph 107 of Plaintiffs' First Amended Complaint.

108.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in first sentence of Paragraph 108 of Plaintiffs' First Amended Complaint. Defendants admit that two callers reported on the Trump Train at the times identified in this Paragraph and that no "escort" was sent.

109.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 109 of Plaintiffs' First Amended Complaint other than to admit their understanding that the event in San Marcos was cancelled.

110.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 110 of Plaintiffs' First Amended Complaint other than to admit that the two City Marshals were at that location.

111.    Defendants deny Plaintiff Cervini "implored" for "police assistance to protect the bus" or "emphasized," but admits the remains of Plaintiffs' allegations of material fact contained in Paragraph 111 of Plaintiffs' First Amended Complaint.

112.    Defendants admit that Marshal Stapp advised dispatch that the convoy was not coming to the event location, as alleged in Paragraph 112 of Plaintiffs' First Amended Complaint. The remainder of the paragraph is an alleged transcription of an oral conversation and the recording is more accurate and speaks for itself; there are no allegations of material fact that need to be admitted or denied.

113.    Defendants admit Plaintiffs' allegations of material fact contained in the first sentence, second half of the second sentence, and last sentence (albeit misleading and incomplete) of Paragraph 113 of Plaintiffs' First Amended Complaint and deny the remainder of this Paragraph.

114.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in the first two sentences of Paragraph 114 of Plaintiffs' First Amended Complaint and deny the characterizations of the communication contained in the last sentence. The remainder of the paragraph is an alleged transcription of an oral conversation and the recording is more accurate and speaks for itself; there are no allegations of material fact that need to be admitted or denied.

115.    Defendants deny the characterizations of the communication contained in Paragraph 115 of Plaintiffs' First Amended Complaint. The remainder of the paragraph is an

alleged transcription of an oral conversation and the recording is more accurate and speaks for itself; there are no allegations of material fact that need to be admitted or denied.

116.     Defendants admit Plaintiffs' allegations of material fact contained in the first and fourth sentences of Paragraph 116 of Plaintiffs' First Amended Complaint other than to deny the characterizations of the communications. Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in the third sentence of this Paragraph.

117.     Defendants deny Plaintiffs drove in San Marcos for 30 minutes and are without knowledge or information sufficient to form a belief about whether law enforcement was seen by Plaintiffs from the highway, as alleged in Paragraph 117 of Plaintiffs' First Amended Complaint.

118.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 118 of Plaintiffs' First Amended Complaint other than to deny the same based on Plaintiffs' own Complaint and allegations.

119.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 119 of Plaintiffs' First Amended Complaint.

120.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 120 of Plaintiffs' First Amended Complaint.

121.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 121 of Plaintiffs' First Amended Complaint.

122.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 122 of Plaintiffs' First Amended Complaint.

123.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 123 of Plaintiffs' First Amended Complaint.

124.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 124 of Plaintiffs' First Amended Complaint.

125.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 125 of Plaintiffs' First Amended Complaint.

126.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 126 of Plaintiffs' First Amended Complaint.

127.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 127 of Plaintiffs' First Amended Complaint.

128.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 128 of Plaintiffs' First Amended Complaint.

129.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 129 of Plaintiffs' First Amended Complaint.

130.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 130 of Plaintiffs' First Amended Complaint.

131.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 131 of Plaintiffs' First Amended Complaint.

132.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 132 of Plaintiffs' First Amended Complaint.

133.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 133 of Plaintiffs' First Amended Complaint.

134.     Defendants deny the characterizations of the communication contained in Paragraph 134 of Plaintiffs' First Amended Complaint. The remainder of the paragraph is an alleged transcription of an oral conversation and the recording is more accurate and speaks for itself; there are no allegations of material fact that need to be admitted or denied.

135.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 135 of Plaintiffs' First Amended Complaint.

136.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 136 of Plaintiffs' First Amended Complaint.

137.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 137 of Plaintiffs' First Amended Complaint.

138.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 138 of Plaintiffs' First Amended Complaint.

139.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 139 of Plaintiffs' First Amended Complaint.

140.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 140 of Plaintiffs' First Amended Complaint.

141.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 141 of Plaintiffs' First Amended Complaint.

142.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 142 of Plaintiffs' First Amended Complaint.

143.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 143 of Plaintiffs' First Amended Complaint.

144.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 144 of Plaintiffs' First Amended Complaint.

145.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 145 of Plaintiffs' First Amended Complaint.

146.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 146 of Plaintiffs' First Amended Complaint.

147.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 147 of Plaintiffs' First Amended Complaint.

148.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 148 of Plaintiffs' First Amended Complaint.

149.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 149 of Plaintiffs' First Amended Complaint.

150.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 150 of Plaintiffs' First Amended Complaint.

151.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 151 of Plaintiffs' First Amended Complaint.

152.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 152 of Plaintiffs' First Amended Complaint.

153.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 153 of Plaintiffs' First Amended Complaint.

154.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 154 of Plaintiffs' First Amended Complaint.

155.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 155 of Plaintiffs' First Amended Complaint.

156.     Defendants admit Defendant Winkenwerder had a text exchange with another officer, but deny the characterization of the communication contained in Paragraph 156 of Plaintiffs' First Amended Complaint.

157.     Defendants admit Plaintiffs' allegations of material fact contained in Paragraph 157 of Plaintiffs' First Amended Complaint.

158.     Defendants deny Plaintiffs' allegations of material fact contained in Paragraph 158 of Plaintiffs' First Amended Complaint other than to generally admit awareness of and the recipient of media and social media attention.

159.     Defendants admit Plaintiffs' allegations of material fact contained in Paragraph 159 of Plaintiffs' First Amended Complaint.

160.     Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 160 of Plaintiffs' First Amended Complaint.

161.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 161 of Plaintiffs' First Amended Complaint.

162.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 162 of Plaintiffs' First Amended Complaint.

163.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 163 of Plaintiffs' First Amended Complaint.

164.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 164 of Plaintiffs' First Amended Complaint.

165.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 165 of Plaintiffs' First Amended Complaint.

166.    Defendants are without knowledge or information sufficient to form a belief about Plaintiffs' allegations of material fact contained in Paragraph 166 of Plaintiffs' First Amended Complaint, other than to deny that Defendants are liable to Plaintiffs.

167.    Paragraph 167 of Plaintiffs' First Amended Complaint contains no allegations of material fact to respond to.

168.    Paragraph 168 of Plaintiffs' First Amended Complaint contains no allegations of material fact to respond to.

169.    Defendants deny Plaintiffs' allegations of material fact contained in Paragraph 169 of Plaintiffs' First Amended Complaint.

170.    Defendants deny Plaintiffs' allegations of material fact contained in Paragraph 170 of Plaintiffs' First Amended Complaint.

171.    Defendants deny Plaintiffs' allegations of material fact contained in Paragraph 171 of Plaintiffs' First Amended Complaint.

172.    Defendants deny Plaintiffs' allegations of material fact contained in Paragraph 172 of Plaintiffs' First Amended Complaint.

173.    Defendants deny Plaintiffs' allegations of material fact contained in Paragraph 173 of Plaintiffs' First Amended Complaint.

## B.
### AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' CLAIMS

1.    Defendants would show that Plaintiffs are not entitled to damages to the extent Plaintiffs failed to mitigate the alleged injuries by negligent and/or intentional acts, whether individually or in any combination, if such failure was the sole, proximate and/or producing cause of the injuries alleged by Plaintiffs. Defendants seek a reduction of the award, if any, to the extent of any failure to mitigate.

2.    Defendants pleads entitlement to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code, if and in the unlikely event, entitlement to such damages can be properly established.

3.    Defendants would further assert that an award of exemplary and/or punitive damages would violate their rights under the United States Constitution and the Constitution of the State of Texas, including, but not limited to, the guarantee of due process, the guarantee of equal protection, the guarantee against double jeopardy, unlawful takings, and excessive fines. Defendants specifically incorporate by reference all standards of limitations regarding the determination and enforceability of punitive damages awards which arose in the decision of *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group,*

*Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto, Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

4.      Defendants would show that Plaintiffs are not entitled to any recovery from these Defendants as there is no evidence of a Section 1985 conspiracy; they had no actual knowledge of an alleged Section 1985 conspiracy; they did not have the power to prevent commission of the same; and they neither neglected nor refused to prevent the alleged conspiracy.

5.      Defendant City of San Marcos additionally asserts its sovereign immunity from suit, liability and damages and the individual Defendants assert qualified and official immunities.

WHEREFORE PREMISES CONSIDERED, Defendants pray that this matter be set for trial with proper notice to all parties; and upon hearing, that judgment subsequently enter in favor of said Defendant; and for such other and further relief to which these Defendants may be justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY,**
**SHIPMAN & SALINAS, L.L.P.**
2530 Walsh Tarlton Lane, Suite 150
Austin, Texas  78746
(512) 476-5300
FAX (512) 476-5771

By: /s/Joanna Lippman Salinas
Joanna Lippman Salinas
State Bar No. 00791122
joanna.salinas@fletcherfarley.com
David Solomon
State Bar No. 24077361
david.solomon@fletcherfarley.com

Attorneys for Defendants, *Chase Stapp, Brandon Winkenwerder, Matthew Daenzer, and City Of San Marcos*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Defendants' Answer to Plaintiffs' First Amended Complaint** has been provided to the offices of:

Mimi Marziani
Emma Hilbert
**TEXAS CIVIL RIGHTS PROJECT**
1405 Montopolis Drive
Austin, Texas 78741

John Paredes
**THE PROTECT DEMOCRACY PROJECT, INC.**
115 Broadway, 5th Floor
New York, NY 10006

Cameron O. Kistler
**THE PROTECT DEMOCRACY PROJECT, INC.**
2020 Pennsylvania Ave. NW
Suite # 163
Washington, DC 20006

Benjamin L. Berwick
**THE PROTECT DEMOCRACY PROJECT, INC.**
15 Main Street, Suite 312
Watertown, MA 02472
Michael Gottlieb
Samuel Hall
Meryl Conant Governski
JoAnna Suriani
**WILLKIE FARR & GALLAGHER LLP**
1875 K Street, N.W.
Washington, DC 20006-1238

Madeleine Tayer
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019

by Electronic Service, in accordance with the Federal Rules of Civil Procedure, on December 30, 2021.

/s/Joanna Lippman Salinas
Joanna Lippman Salinas