IN THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ERIC CERVINI, WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE STAPP, BRANDON WINKENWERDER, MATTHEW DAENZER, and CITY OF SAN MARCOS,<br><br>Defendants. | Civil Action No. 1:21-cv-00568-RP<br><br>Hon. Robert Pitman |

**PLAINTIFFS' MOTION TO HOLD NON-PARTY TAMMATHA COITEUX IN CONTEMPT AND IMPOSE SANCTIONS AGAINST HER IN ORDER TO COMPEL HER COMPLIANCE WITH PLAINTIFFS' RULE 45 SUBPOENA**

Plaintiffs Eric Cervini, Wendy Davis, David Gins, and Timothy Holloway (together, "Plaintiffs") served non-party Tammatha Coiteux ("Ms. Coiteux") with a Rule 45 subpoena detailing their first requests for production of documents (the "Subpoena") in *Cervini et al. v. Stapp et al.*, No. 1:2021cv00568 (W.D. Tex. 2021) (the "Underlying Action"). Ex 1. Ms. Coiteux has ignored the Subpoena for more than twelve months, and ignored this Court's February 24, 2023 Order Granting Plaintiffs' Motion to Compel Non-Party Tammatha Coiteux's Compliance (the "Order" or the "February 24 Order"). Plaintiffs move the Court to: (1) hold Ms. Coiteux in contempt, and (2) impose sanctions to ensure her future compliance with the Subpoena and the Court's orders.

**FACTUAL BACKGROUND**

This Motion for Contempt arises from Ms. Coiteux's failure to obey this Court's February 24 Order directing Ms. Coiteux to "respond in full to Plaintiffs' Subpoena by: (a) [s]earching for documents responsive to the thirteen requests for production of documents detailed in the Subpoena; (b) [r]esponding in writing to the Subpoena indicating that she has searched for responsive documents and whether, for each request, she has found such documents; (c) [p]roducing to Plaintiffs any and all responsive documents found in response to her search for responsive documents; and (d) [c]onferring with Plaintiffs if needed." Dkt. 84. As thoroughly detailed in Plaintiffs' prior Motion to Compel Non-Party Tammatha Coiteux's Compliance with Plaintiffs' Rule 45 Subpoena (the "Motion"), Ms. Coiteux was properly served with the Subpoena on January 15, 2022 pursuant to Rule 45 of the Federal Rules of Civil Procedure. *See* Dkt. 82. Ms. Coiteux did not respond to the Subpoena, serve any objections, reject the Subpoena, or advise her lawyer to contact Plaintiffs' counsel, as promised. As such, Plaintiffs filed the Motion, which this Court granted on February 24, 2023. *See* Dkt. 82; *see also* Dkt. 84.

Despite the Court's Order, Ms. Coiteux has continued to ignore repeated communications from Plaintiffs' counsel seeking compliance with the Order. As detailed in the Motion to Compel, Plaintiffs' counsel could not reach Ms. Coiteux directly from February 10, 2022 until January 13, 2023. During that time, Plaintiffs' counsel corresponded only with her husband, Bob Coiteux, who, on April 1, 2022, claimed to have provided Ms. Coiteux with Plaintiffs' thread of emails regarding the Subpoena. *See* Dkt. 82 (filed under seal).

On January 13, 2023, following Plaintiffs' counsel's communications that court intervention may be required, Ms. Coiteux finally contacted Plaintiffs' counsel directly and explained that she was now represented by an attorney in connection with the Subpoena and that

Plaintiffs' counsel could expect to hear from her attorney that same day. After hearing nothing from Ms. Coiteux's counsel, Plaintiffs' counsel contacted Ms. Coiteux on January 23, 2023, February 8, 2023, and again on February 13, 2023 and March 1, 2023, after the Reply to the Motion to Compel, and the Order granting the Motion to Compel were filed. *See* Dkt. 82; Ex. 1. On March 17, Plaintiffs sent an additional email to Ms. Coiteux to inform her that Plaintiffs would be seeking sanctions due to her failure to comply with the Court's Order. *See* Ex. 1. To date, neither Ms. Coiteux, nor her attorney have responded to any of those communications.

## ARGUMENT

**I.     Ms. Coiteux's Disregard For Her Lawful Obligations Under The Subpoena And This Court's February 24 Order Warrant A Finding of Civil Contempt.**

    *A.     This Court Has Two Separate Bases By Which It Could Hold Ms. Coiteux In Contempt.*

Ms. Coiteux's conduct with regard to her lawful obligations under the Subpoena and this Court's Order warrant this Court holding Ms. Coiteux in contempt under two separate bases. First, Federal Rule of Civil Procedure 45 governs non-party discovery in federal courts. Specifically, it authorizes that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g); *see also Doe 1 v. Baylor Univ.*, 2019 WL 2462800, at *14 (W.D. Tex. June 7, 2019).

In addition, this Court has inherent power to enforce compliance with its lawful orders through civil contempt, and authority to impose sanctions under Rule 45. *Rose v. Enriquez*, 2013 WL 5934365, at *3 (W.D. Tex. Oct. 31, 2013). A federal court may exercise its inherent power when necessary to ensure justice, and "[i]t is firmly established that '[t]he power to punish for contempt is inherent in all courts.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Our justice system relies on parties following the orders of the court because it is

fundamental to our system of government, and failure to do so demands a response. *Bunnett & Co. v. Dores*, 2018 WL 4275838, at *4 (W.D. Tex. Sept. 7, 2018). Furthermore, the Fifth Circuit has found that "it is appropriate for a district court to rely on its inherent power to impose sanctions." *Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001*)*.

### B. Ms. Coiteux's Conduct Meets The Requirements For Holding A Non-Party In Civil Contempt.

The burden of proving contempt rests on the moving party "to demonstrate, by clear and convincing evidence, that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and, (3) the respondent failed to comply with the court's order." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 291 (5th Cir. 2002) (quoting *FDIC v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995); *Traut v. Quantum Servicing, LLC*, 2018 WL 1035134, at *8 (N.D. Tex. Feb. 23, 2018)). Here, a non-party witness who was properly served with a valid subpoena failed to obey the Subpoena. The Court issued an Order on February 24 compelling Ms. Coiteux to respond to the Subpoena, in full by March 10, 2023. Despite repeated communications from Plaintiffs' counsel to notify Ms. Coiteux of her obligations under the Order and the consequences of ignoring the same, Ms. Coiteux has taken no steps to contact Plaintiffs' counsel or otherwise comply with the Order. Ex. 1. Because Ms. Coiteux has failed to comply with the Court's order and has not provided any excuse for her failure to respond to the Subpoena, she should be held in civil contempt until compliance is met.

Plaintiffs move the Court to issue an order for civil contempt, to enforce the Subpoena, and to compel non-party Tammatha Coiteux's compliance with its February 24 Order, or to show cause why Ms. Coiteux should not be held in contempt—whichever the Court may deem

appropriate. Further, Plaintiffs seek sanctions against Ms. Coiteux for failure to comply with the Court's February 24 Order.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court hold Ms. Coiteux in contempt and require Ms. Coiteux to pay fines in an amount of $100 per day until she has reasonably complied with the Subpoena, or sends Plaintiffs' counsel her first order of production, whichever the Court deems most appropriate. A proposed order is attached.

DATED: March 20, 2023

                Respectfully Submitted,

                */s/ Samuel Hall*

**TEXAS CIVIL RIGHTS PROJECT**
Ashley Fernandez Dorsaneo (TX Bar No. 24127393)
Christina M. Beeler (TX Bar No. 24096124)
Sarah Xiyi Chen (CA Bar No. 325327) (*pro hac vice*)
Veronikah Rhea Warms (TX Bar No. 24132682) (*pro hac vice*)
Texas Civil Rights Project
1405 Montopolis Drive
Austin, Texas 78741
Telephone: (512) 474-5073
Facsimile: (512) 474-0726
Email: ashley@texascivilrightsproject.org
christinab@texascivilrightsproject.org
schen@texascivilrightsproject.org
veronikah@texascivilrightsproject.org

**THE PROTECT DEMOCRACY PROJECT, INC.**
John Paredes (NY Bar No. 5225412) (*pro hac vice*)
Orion Danjuma (NY Bar No. 4942249) (*pro hac vice*)
The Protect Democracy Project, Inc.

115 Broadway, 5th Floor
New York, NY 10006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
john.paredes@protectdemocracy.org
orion.danjuma@protectdemocracy.org

Cameron O. Kistler (DC Bar No. 1008922)
(*pro hac vice*)
Cerin Lindgrensavage (NY Bar No. 5541354) (*pro hac vice*)
Jacek Pruski (DC Bar No. 888325144) (*pro hac vice*)
Anne Harden Tindall (DC Bar No. 494607) (*pro hac vice*)
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave. NW, Suite # 163
Washington, D.C. 20006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
cameron.kistler@protectdemocracy.org
cerin.lindgrensavage@protectdemocracy.org
jacek.pruski@protectdemocracy.org
anne.tindall@protectdemocracy.org

Benjamin L. Berwick (MA Bar No. 679207)
(*pro hac vice*)
The Protect Democracy Project, Inc.
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
ben.berwick@protectdemocracy.org

Jared Fletcher Davidson (LA Bar No. 37093)
(*pro hac vice*)
The Protect Democracy Project, Inc.
3014 Dauphine Street, Suite J
New Orleans, LA 70117
Telephone: (202) 579-4582
Facsimile: (929) 777-8428
jared.davidson@protectdemocracy.org

**WILLKIE FARR & GALLAGHER LLP**
Michael Gottlieb (DC Bar No. 974960) (*pro

*hac vice*)
Robert Meyer (DC Bar No. 405632) (*pro hac vice*)
Samuel Hall (DC Bar No. 242110) (*pro hac vice*)
Meryl Conant Governski (DC Bar No. 1023549) (*pro hac vice*)
JoAnna Suriani (DC Bar No. 1645212) (*pro hac vice*)
Aaron E. Nathan (NY Bar No. 5478227) (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
Telephone: (202) 303-1000
Facsimile: (202) 303-2000
Email: mgottlieb@willkie.com
rmeyer@willkie.com
shall@willkie.com
mgovernski@willkie.com
jsuriani@willkie.com
anathan@willkie.com

Madeleine Tayer (NY Bar No. 5683545) (*pro hac vice*)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
Email: mtayer@willkie.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF CONFERENCE

I hereby certify that Plaintiffs corresponded with Tammatha Coiteux in an effort to elicit her response to Plaintiffs' Rule 45 subpoena on December 23, 2022, December 29, 2022, December 30, 2022, January 4, 2023, January 13, 2023, January 23, 2023, February 8, 2023, February 13, 2023, March 1, 2023, and March 17, 2023.  To date, Plaintiffs have not received a response to the Subpoena.

DATED: March 20, 2023

                                        Respectfully submitted,

                                        */s/ Samuel Hall*

                                        **WILLKIE FARR & GALLAGHER LLP**
Samuel Hall (DC Bar No. 242110) (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
Telephone: (202) 303-1000
Email: shall@willkie.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2023, a true and correct copy of the foregoing has been properly served on all counsel of record through the Electronic Case Filing System of the Western District of Texas, in compliance with the Federal Rules of Civil Procedure. I further certify that the foregoing was emailed to Hannah Ceh, Randi Ceh, Steve Ceh, and Kyle Kruger per agreement of the parties. A copy of the foregoing was also e-mailed to Tammatha Coiteux and sent to her via Certified Mail.

DATED: March 20, 2023

Respectfully submitted,

*/s/ Samuel Hall*

**WILLKIE FARR & GALLAGHER LLP**
Samuel Hall (DC Bar No. 242110) (*pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238
Telephone: (202) 303-1000
Email: shall@willkie.com

IN THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ERIC CERVINI, WENDY DAVIS, DAVID GINS, and TIMOTHY HOLLOWAY,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE STAPP, BRANDON WINKENWERDER, MATTHEW DAENZER, and CITY OF SAN MARCOS,<br><br>Defendants. | Civil Action No. 1:21-cv-00568-RP<br><br>Hon. Robert Pitman |

**ORDER ON PLAINTIFFS' MOTION TO HOLD NON-PARTY TAMMATHA COITEUX IN CONTEMPT AND IMPOSE SANCTIONS AGAINST HER IN ORDER TO COMPEL HER COMPLIANCE WITH PLAINTIFFS' RULE 45 SUBPOENA**

After considering Plaintiffs' Motion to Hold Non-Party Witness Tammatha Coiteux in Contempt, To Require Non-Party Witness Tammatha Coiteux to Comply with Rule 45 Subpoena, and to Impose Sanctions Against Non-Party Witness, Tammatha Coiteux, the Court GRANTS Plaintiffs' Motion. The Court finds that Non-Party Witness Ms. Coiteux was properly served with a subpoena and consciously and intentionally failed to respond, having no valid excuse, as outlined in Federal Rule of Civil Procedure 45. Ms. Coiteux is hereby ORDERED to contact Plaintiffs' attorneys of record within 10 days of being served with this Order. The attorneys of record are to have a copy of this Order and a copy of the January 15, 2022 Subpoena served upon Ms. Coiteux within 3 days of this Order. Should Ms. Coiteux fail to make reasonable efforts to respond to the Subpoena and comply with the Court's February 24, 2023 Order, within 7 days of being served with this Order, it is FURTHER ORDERED that Ms. Coiteux will be subject to civil fines and/or penalties in the amount of $100 per day until she has made a

reasonable effort to comply with the Subpoena, or send Plaintiffs' counsel her first order of production.

ORDERED this _____day of March 2023.

_____
UNITED STATES DISTRICT JUDGE